UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:26-CR-34-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SIDNEY DONELLA BEATY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 9 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Beaty's guilty plea and adjudge her guilty of Count 1 of the Information (DE 8). *See* DE 12 (Recommendation); *see also* DE 11 (Plea Agreement). Judge Atkins expressly informed Defendant of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 12 at 3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in h[er] objections to the magistrate[ judge]'s report and recommendation . . . [s]he has forfeited h[er] right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any

objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, ORDERS as follows:

1. The Court ADOPTS DE 12 and ADJUDGES Beaty guilty of Count 1 of the Information (DE 8); and

2. The Court will issue a separate sentencing order.[1]  The Court notes that the Plea Agreement states a maximum fine of $100,000.  However, any felony carries up to a $250,000, absent a textual exception from 18 U.S.C. § 3571.  Counsel should assure Beaty's awareness of this correction.

This the 20th day of April, 2026.

Signed By:

**Robert E. Wier**

**United States District Judge**

---

[1] At the hearing, Judge Atkins permitted Beaty to remain out on bond.  *See* DE 9.  Absent intervening orders, and given the nature of the conviction, Defendant shall remain on bond, per the stated conditions of release, pending sentencing.  Judge Atkins referred to Count 10, but the Information contains only one count.  Further, the Information and Plea Agreement do not reference forfeiture, so the Court imposes no preliminary forfeiture order.  The United States may file a motion if it seeks forfeiture and has a basis.